FILED
SUPERIOR COURT
OF GUAM

2025 DEC 31 PM 3: 28

CLERK OF COURT

By:_____/bm/_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **KERRY D. CARTER,** | **CIVIL CASE NO. CV0051-25** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER GRANTING DEFENDANT USAA CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |
| **MARC A. LILLIS, USAA CASUALTY INSURANCE COMPANY, and DOE DEFENDANTS 1-10,** | |
| Defendants. | |

This matter comes before the Honorable Dana A. Gutierrez on Defendant USAA Casualty Insurance Company's Motion for Summary Judgment ("Motion"). The Court held a hearing on the Motion on October 2, 2025. Present at the hearing were Plaintiff Kerry D. Carter, represented by Attorney Peter Perez, and Defendant USAA's counsel, Attorney Mitchell Thompson. Upon review of applicable Guam law and the record of this case, the Court hereby **GRANTS** Defendant USAA's Motion for Summary Judgment.

## BACKGROUND

This action arises from a three-vehicle collision that occurred on April 18, 2024, at approximately 7:15 a.m., on Route 1 in Piti, Guam. Plaintiff Carter ("Plaintiff") was operating a

2015 Fiat 500L, traveling northbound when the incident occurred. Defendant Marc A. Lillis ("Lillis")[1] was operating a 2013 Dodge Avenger traveling southbound. Plaintiff alleges that Lillis attempted an illegal or improper U-turn, resulting in a collision with a 2015 Toyota 4Runner operated by Justin Lee Munoz, which in turn struck Plaintiff's vehicle. Compl. ¶¶ 6–8. Plaintiff contends that, because of the accident, he suffered physical injuries, mental and emotional distress, and various economic and non-economic damages. Compl. ¶ 9. Plaintiff further alleges that responding officers from the Guam Police Department determined that Lillis was at fault and verbally warned him for violating Guam's imprudent driving law. Compl. ¶ 10.

The Port Authority Police Traffic Accident Report, submitted by Plaintiff as Exhibit A to his Opposition (the "Accident Report"), identifies Lillis as the driver of "Vehicle #1," the Dodge Avenger involved in the initial maneuver leading to the crash. The Accident Report lists William Austin Abshire ("Abshire") as the registered owner of Vehicle #1 and identifies USAA as the insurer associated with the vehicle, referencing Policy No. 018113910 ("Policy"). Lillis also stated in a telephonic interview with USAA that he had applied for a policy with USAA before the accident occurred ("the Other Policy"). Decl. of Samantha Freeman, Ex. A at 3 (May 9, 2025).

Plaintiff filed his Complaint on January 24, 2025, asserting, *inter alia*, a direct action against USAA pursuant to 22 GCA § 18305, alleging that USAA had issued a policy of insurance covering Lillis on the date of the accident. Compl. ¶¶ 11–24. USAA answered the Complaint on March 19, 2025, denying coverage and expressly asserting affirmative defenses that no USAA automobile insurance policy insured Lillis on April 18, 2024. USAA thereafter moved for summary judgment on May 9, 2025. Plaintiff opposed the motion on June 13, 2025. USAA filed

---

[1] The Court notes that Plaintiff has not served Lillis yet as of the time this Decision and Order is issued. However, Plaintiff has submitted a Motion for Service by Publication.

2

its Reply on June 27, 2025, and the Court took the matter under advisement on October 5, 2025. Min. Entry at 11:16:35 A.M. (Oct. 5, 2025).

## DISCUSSION

### I.    Legal Standard for Summary Judgement

On a motion for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P. 56(a). "The party moving for summary judgment 'bears the initial burden to show that undisputed facts in the record support a *prima facie* entitlement to the relief requested.'" *Cho v. Alupang Beach Club, Inc.*, 2025 Guam 3 ¶ 28 (citation omitted). "When a defendant moves for summary judgment on the claims of a plaintiff, it satisfies its burden by either (1) presenting evidence that negates an essential element[2] of the plaintiff's claim or (2) demonstrating that the plaintiff's evidence is insufficient to establish an essential element of the claim." *Id.* "Although this burden is low, it still exists." *Id.* (citation omitted).

Once Defendant has carried this burden, "the burden shifts to [Plaintiff] to produce evidence demonstrating the existence of a genuine issue of material fact." *Cho*, 2025 Guam 3 ¶ 29. In discharging this burden, Plaintiff must not "merely rely on allegations contained in the complaint." *Id.* Instead, Plaintiff must "produce at least some significant probative evidence tending to support the complaint." *Id.* (citation omitted). "If the non-movant 'fails to make a showing sufficient to establish the existence of an essential element to that party's case on which

---

[2] Plaintiff's claim against USAA is brought as a direct action under 22 GCA § 18305. *See* Compl. ¶ 24 ("Plaintiff . . . hereby asserts his right of direct action[] against Defendant[] USAA . . . pursuant to, *inter alia*, 22 G.C.A. § 18305."). Because § 18305 provides that an injured person "shall have a right of direct action against the insurer within the terms and limits of the policy," an essential element of Plaintiff's direct-action claim is the existence of an insurance policy issued by USAA effective at the time of the accident.

that party will bear the burden of proof at trial,' then the movant is entitled to a judgment as a matter of law." *Id.* "[T]he court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with the undisputed background or contextual facts, are such that a rational and reasonable jury might return a verdict in its favor based on that evidence." *Id.* (citation and quotation omitted).

## II. USAA Has Met Its Initial Burden by Producing Evidence that No Policy Was in Effect at the Time of the Accident

USAA has produced evidence to demonstrate that there was no policy applicable at the time of the accident. Specifically, USAA has proffered the Coverage Decision that was issued in response to Plaintiff's insurance claim. *See* Decl. of Jacquelyn Shinohara, Ex. A at 1 ("We've reviewed your claim and have determined there is no coverage available for this loss.") (May 9, 2025) ("Shinohara Decl."); *see also* Decl. of Samantha Freeman at 2 ("[T]he accident had taken place about seven hours before Lillis applied for the automobile policy.") (Jun. 27, 2025) ("Freeman Decl."). Because the existence of an insurance policy is necessary for a direct action to stand, and because USAA has produced evidence to show no insurance policy existed to cover Lillis at the time of the accident, USAA has carried its burden, and the burden now shifts to Plaintiff to produce evidence demonstrating a genuine dispute of material fact exists.

## III. Plaintiff Has Not Carried His Burden Because the Evidence He Produced Did Not Create a Genuine Dispute of Material Fact

When the defendant has produced evidence negating an essential element of the plaintiff's claim, "the burden shifts to [the plaintiff] to produce evidence demonstrating the existence of a genuine issue of material fact." *See Cho* at ¶ 29. The sole evidence Plaintiff offers to oppose summary judgment is the police Accident Report. However, this Accident Report is insufficient to

create a "genuine dispute of material fact" as required by Guam Rule of Civil Procedure ("GRCP") Rule 56(a).

The Accident Report identifies Abshire as the vehicle owner and lists the "Policy" as the insurance policy associated with the car. *See* Opp'n at 3. But the Accident Report does not indicate whether the Policy was in effect at the time of the accident. This omission is significant. Without evidence establishing the validity or effectiveness of the Policy—or of any insurance policy issued by USAA—Plaintiff fails to genuinely dispute USAA's showing that "no coverage [is] available for [Plaintiff's] loss." *See* Shinohara Decl., Ex. A at 1. The Court therefore finds that Plaintiff has not produced sufficient evidence to create a genuine dispute of material fact that defeats summary judgment.

Plaintiff also faults USAA for "not includ[ing] the Other Policy Lillis stated he applied for prior to the accident," thus leaving a genuine dispute of material fact. *See* Opp'n at 4. After Plaintiff filed the Opposition, USAA submitted the Other Policy. *See* Freeman Decl., Ex. A (Jun. 27, 2025). The Other Policy states that it became effective on April 18, 2024 at "12:01 A.M. standard time." *See id.* at 4. Because "the effective date and time of policies issued by USAA is Central Time," *see* Freeman Decl. at 1 (Jun. 27, 2025), this means the Policy became effective at 3:01 p.m. on April 18, 2024, Guam time, *see id.* at 2. As the accident took place "at approximately 7:30 a.m., Guam time" on April 18, 2024, *see id.*, the Other Policy was not effective at the time of the accident. Because Plaintiff has not introduced any evidence to show otherwise, Plaintiff has not raised a genuine dispute of material fact as to the Other Policy.

### IV.    USAA Does Not Have the Burden of Disproving Plaintiff's Case

Plaintiff argues that summary judgment should be denied because "USAA has not included the Policy in the record or in support of its [M]otion." Opp'n at 5. This argument misconstrues the burden-shifting framework governing summary judgment.

In *Estate of Cruz*, the plaintiffs sought damages against defendant Detry for the death of a worker who died on a work trip. *Estate of Cruz v. Detry Corp.*, 2023 Guam 14 ¶ 2. Detry moved for summary judgment, submitting declarations establishing that the decedent was Detry's employee, which barred the claim for damages under Guam's worker's compensation law. *Id.* at ¶ 5. In opposition, the plaintiffs argued that Detry had failed to prove the absence of evidence showing that the decedent was not a purely casual employee, and therefore that the claim was not subject to the worker's compensation law. *Id.* at ¶ 31 (The plaintiffs argued that "While there is evidence of compensation, there is no evidence presented that the decedent was not purely a casual employee.").

The trial court granted summary judgment, and the Supreme Court of Guam affirmed. *Id.* at ¶ 36. The Supreme Court explained that the plaintiffs had misinterpreted the burden of proof by placing it on Detry. *Id.* at 31 (The plaintiffs "misinterpreted the burden of proof as being Detry's instead of their own."). The Supreme Court held that "[a]fter Detry made and supported their motion for summary judgment, the burden shifted to the [plaintiffs] to set forth specific facts showing there was a genuine issue of material fact." *Id.* at ¶ 30. Because the plaintiffs failed to do so, summary judgment was proper. *Id.* at ¶ 35.

*Estate of Cruz* applies here. USAA has submitted evidence demonstrating that "no coverage [is] available for [Plaintiff's] loss." *See* Shinohara Decl., Ex. A at 1. The burden therefore

shifts to Plaintiff to produce evidence establishing that coverage existed. Plaintiff's assertion that USAA bears the burden of *disproving* coverage would improperly invert the burden-shifting framework governing summary judgment.

## V.     USAA's Motion Is Not Premature

Plaintiff argues that "the record is insufficiently developed" and that Plaintiff "should be given an opportunity to develop the record to oppose USAA's Motion. Specifically, Plaintiff seeks to conduct discovery on the Policy, the Other Policy, Lillis, and the declarations submitted by USAA. Opp'n at 5.

In response, USAA argues that its Motion is not premature because under the GRCP, "[a] defendant may file a motion for summary judgment 'at any time' before the court[-]imposed deadline."[3] Reply at 4. USAA also emphasizes that Plaintiff was put on notice regarding the issue of lack of coverage for Lillis "in a telephone conversation with counsel for Plaintiff" on or about February 12, 2025, and therefore, "Plaintiff should not be heard to now complain that USAA's Motion is somehow premature." Reply at 5.

GRCP Rule 56(b) provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." The Court may "defer considering the motion or deny it" if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Guam R. Civ. P. 56(d). A party seeking relief "must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." *Estate of Cruz*, 2023 Guam 14 ¶ 27 (citation and quotation omitted). Mere references in memoranda or

---

[3] The deadline for filing a motion for summary judgment in this case is February 2, 2026. *See* Scheduling Order (Jun. 10, 2025).

declarations to a need for discovery "do not qualify as motions under [the former GRCP] Rule 56(f)."[4] *Id.* ¶ 28. When a party fails to file an affidavit under GRCP Rule 56(d), the Court has the discretion to grant summary judgment. *Id.* ("[A] party's failure to file an affidavit under [the former GRCP] Rule 56(f) invokes the court's discretion in granting summary judgment.").

Here, Plaintiff did not submit an affidavit to provide the "specified reasons" for why Plaintiff cannot yet present facts essential to his opposition of USAA's Motion. Instead, the Opposition contains a list of questions such as "[w]hether the terms, conditions, and limits of the Policy cover Lillis" and "[w]ho had title to Vehicle #1 at the time of the accident." *See* Opp'n at 3. These questions are at best speculative and they do not explain to the Court why Plaintiff "cannot present facts essential to justify [his] position."

In addition, the Court is unpersuaded by Plaintiff's claim that summary judgment is premature because "[d]iscovery has not commenced." Opp'n at 5. The Supreme Court of Guam addressed this argument in *Estate of Cruz*, where the plaintiff contended that "[s]ummary judgment is inappropriate before discovery has begun." *Id.* ¶ 18. The Supreme Court rejected that contention, reasoning that the plaintiff had more than four months' notice of the motion for summary judgment—time sufficient to "at least [begin] the commencement of discovery." *Id.* The Supreme Court therefore affirmed summary judgment in the defendant's favor.

The same reasoning applies here. USAA filed its Motion on May 9, 2025. *See* Mot. at 1. The hearing was held on October 2, 2025. *See* Min. Entry (Oct. 2, 2025). Nearly five months

---

[4] The Guam Rules of Civil Procedure were amended in 2022 to reorganize Rule 56. Former Rule 56(f), governing requests for additional discovery when facts are unavailable, is now Rule 56(d). *See In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 143 (1st Cir. 2014) ("'Rule 56(d) was formerly Rule 56(f),' and 'the textual differences between current Rule 56(d) and former Rule 56(f) are purely stylistic.'"). Since the amendments were organizational; the substantive standards applied in *Estate of Cruz v. Detry Corp.* remain controlling.

elapsed between the filing of the Motion and the hearing. As in *Estate of Cruz*, this period afforded

Plaintiff ample opportunity to conduct discovery into the issues raised.[5]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant USAA's Motion for Summary

Judgment.

**SO ORDERED this 31st day of December, 2025.**

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

---

[5] The Court further notes that Plaintiff was on notice of the insurance coverage issue as early as February 12, 2025. *See* Decl. of Mitchell F. Thompson at 1 (USAA counsel "advised [Plaintiff's counsel] that USAA had not issued an insurance policy that was in effect at the date and time of the motor vehicle accident which is the subject of this action."); *see also id.*, Ex. A (letter from Attorney Thompson to Attorney Perez dated February 14, 2025 "regarding the lack of insurance coverage of Defendant Marc A. Lillis."). Additionally, although Plaintiff's Opposition was originally due on June 6, 2025, the parties stipulated to extend the deadline by one week, at the request of counsel for Plaintiff. *See* Stip. to Extend Briefing Dates (Jun. 10, 2025).